IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLARENCE ARTHUR ROBINSON, § | | |
| PETITIONER, § | | |
| § | | |
| V. § | | NO. 3:03-CV-2838-B |
| § | | |
| DOUGLAS DRETKE, DIRECTOR, § | | |
| TEXAS DEPARTMENT OF CRIMINAL § | | |
| JUSTICE, CORRECTIONAL § | | |
| INSTITUTIONS DIVISION, | § | |
| RESPONDENT. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**Parties**

Petitioner Clarence Arthur Robinson is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**Procedural History**

On October 26, 1998, Robinson pleaded guilty to aggravated assault. The trial court entered a deferred adjudication order, deferring a finding of guilt and placing Robinson on 10 years' community supervision. (C.R. at 87.) At that time, the trial court stated that he would face prison time if he did not successfully complete community supervision:

> [I]f you do everything you're supposed to do, you and I won't have a problem. If you come back in front of me on a Motion to Adjudicate, if the State brings evidence at that time to find you guilty, I'll find you guilty and you're looking at the full punishment range up to a life sentence. (10/26/1998 R.R. at 10.)

On January 6, 2000, the State filed a motion to proceed with an adjudication of guilt because Robinson violated the probation conditions.[1] (*Id.* at 94.) Robinson pleaded true to the allegations; however, he testified and tried to explain that the violations were inadvertent in order to possibly remain on community supervision. (6/21/2001 R.R. at 3, 5-8; C.R. at 102-03.) The trial court found true the allegations that he did not report and did not pay court costs and fines, found him guilty of the aggravated assault, and sentenced him to 25 years' confinement. (6/21/2001 R.R. at 8; C.R. at 104.) The Fifth District Court of Appeals dismissed Robinson's appeal for want of jurisdiction because he was attempting to appeal the adjudication of guilt, and Robinson did not file a petition for discretionary review with the Texas Court of Criminal Appeals. *Robinson v. State*, No. 5-01-1123-CR, 2002 WL 31439408 (Tex. App.—Dallas Nov. 1, 2002, no pet.) (not designated for publication).

Robinson filed a state application for habeas corpus relief, which the Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Davis*, No. 56,791-02 (Tex. Crim. App. Nov. 5, 2003) (not designated for publication).[2] Robinson filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division, on November 18, 2003. *See* RULES GOVERNING SECTION 2254 CASES 3(d) (mandating timeliness determined by date petition placed in institution's internal mailing system); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding, under prison mailbox rule,

---

[1]Specifically, the motion alleged that Robinson had tested positive for cocaine, did not regularly report to the probation officer, and did not pay court costs, fines, and probation fees.

[2]Robinson's first collateral proceeding was a motion for leave to file an application for writ of mandamus, which the Court of Criminal Appeals denied. *In re Robinson*, No. 56,791-01 (Tex. Crim. App. Nov. 3, 2003) (not designated for publication).

pro se habeas petition filed when papers delivered to prison authorities for mailing).

## Issues

Robinson argues that:

1. his guilty plea was coerced and involuntary;

2. his confession at the adjudication hearing was coerced;

3. his rights against self-incrimination were violated;

4. counsel at the adjudication hearing was constitutionally ineffective;

5. the trial court abused its discretion by revoking Robinson's community supervision.

## Exhaustion of State Court Remedies

Dretke believes Robinson's claims that his confession was coerced and that the revocation was an abuse of discretion have not been exhausted and asserts that they have been procedurally defaulted. However, Dretke believes that Robinson's remaining allegations have been properly exhausted.

## Statute of Limitations

Dretke asserts that the petition for writ of habeas corpus is barred by the statute of limitations. (Resp't Answer at 9-11.) Indeed, federal habeas corpus petitions are subject to a one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The operative question in this case is when Robinson's revocation became final.

Dretke asserts that the date Robinson's revocation became final was September 20, 2001—90 days after the date his community supervision was revoked.[3] TEX. R. APP. P. 26.2(a)(2). He relies on the fact that Robinson's subsequent appeal is a nullity because it was dismissed for want of jurisdiction; thus, it does not operate to delay the start of limitations. But Robinson's timely appeal constituted "direct review" for limitations purposes. *Foreman v. Dretke*, 383 F.3d 336, 340-41 (5th Cir. 2004). Thus, Robinson's conviction became final on December 1, 2002, when the time for seeking further review expired. TEX. R. APP. P. 68.2(a); *cf. Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (holding limitations begins when time for seeking further direct review expires and not when state-court mandate issues). Absent application of any tolling provision, Robinson's federal petition was due on or before December 1, 2003. Robinson's November 18, 2003 petition was timely-filed.

## Exhaustion and Procedural Default

Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court

---

[3]Robinson filed a motion for new trial; thus, the appellate timetable was extended. (C.R. at 111.)

before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.  *Picard v. Connor*, 404 U.S. 270, 275-76 (1981); *Fisher*, 169 F.3d at 302.  This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Although Robinson argued that his confession was coerced in his state habeas application, he asserted that the "confession," i.e., his true pleas to the violation paragraphs, was coerced because his counsel at the revocation hearing told him that he could get the judge to not sentence him to jail time.  (2 State Habeas R. at 7.)  In his federal petition, Robinson argues that his confession to ingesting cocaine was coerced.  (Federal Pet. at 7.)  Similarly, Robinson stated in his state habeas application that the trial court's revocation violated the Double Jeopardy Clause (2 State Habeas R. at 11); however, in his federal petition, he argues that the revocation was an abuse of discretion (Federal Pet. at 8B).  Thus, he seeks federal habeas relief on factual and legal allegations that were never made in the Texas courts, which renders these claims unexhausted.  *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001).

However, Robinson cannot return to the Texas courts to cure this deficiency.  The Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition.  *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1084 (1995).  This doctrine is an adequate state procedural bar for purposes of federal habeas review.  *Emery v.*

*Johnson*, 139 F.3d 191, 195 (5th Cir. 1997), *cert. denied*, 525 U.S. 969 (1998); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). Accordingly, federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20.

Robinson has not given any explanation to excuse his default. Indeed, any problem with his revocation was known to Robinson before he filed his state habeas corpus application. *Robison v. Johnson*, 151 F.3d 256, 263 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999). Accordingly, these claims are procedurally barred.[4] *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (holding involuntary-guilty-plea claim based on insufficient information, as opposed to involuntariness based on coercion by government agent, procedurally barred because raised for the first time on federal habeas corpus review).

**Standard of Review**

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light

---

[4]However, even if he had not procedurally defaulted these claims, they are meritless because the record shows his plea was voluntary. *See infra* pp. 7-8; *see also Florida v. Nixon*, 125 S. Ct. 551, 561 (2004) (stating guilty plea waives constitutional trial rights).

of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Holland v. Jackson*, 124 S. Ct. 2736, 2738-39 (2004); *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485.

### **Involuntary Plea**

Robinson argues that his plea of true to the alleged violations of his community supervision was involuntary because his attorney promised him that he would not receive jail time. (Federal Pet. at 7.) If a guilty plea is voluntarily and intelligently made, it waives a number of constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir.), *cert. denied*, 531 U.S. 830 (2000). Before a trial court may accept a guilty plea, the court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequence," but not that he understood the "technical legal effect" of the charges. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) This court will assume, as other courts have done, that a plea of true in the revocation context, just like a guilty plea,

7

must be voluntarily and intelligently made, and that the nature of the plea must be apparent on the face of the record. *Whitten v. Cockrell*, No. 3:01-CV-1487-D, 2003 WL 21509163, at *7-8 (N.D. Tex. Apr. 11, 2003). Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

The record reflects that Robinson (1) was pleading true freely and voluntarily, (2) was aware of the applicable punishment range, (3) had not been promised anything in return for his plea and had not been coerced, (4) was mentally competent, and (5) was aware of the consequences of his plea. (C.R. at 102.) Robinson has offered nothing more than his self-serving allegations that his plea was involuntary, which is insufficient to rebut the presumption of regularity of the state court records. *Babb v. Johnson*, 61 F. Supp. 2d 604, 606 (S.D. Tex. 1999); *see also Armstead*, 37 F.3d at 210. Robinson's attacks on his plea do not undermine the sufficiency of the information he was provided before he pleaded guilty. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir.) (per curiam), *cert. denied*, 517 U.S. 1198 (1996). Additionally, the state habeas courts found that Robinson's plea of true was voluntary and knowing. (2 State Habeas R. at 28.) Robinson has failed to overcome the statutory presumptions of the state courts' findings and conclusions. 28 U.S.C. § 2254(d)-(e)(1).

### Ineffective Assistance of Counsel

Robinson asserts that revocation counsel was ineffective at the hearing because counsel questioned him about the cocaine, which caused him to incriminate himself. (*Id.* at 8-8A.) The state habeas courts concluded that counsel was not ineffective. (2 State Habeas R. at 28.) Robinson has not overcome the presumption of correctness, which applies to the supporting factual findings, with

clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state courts' conclusion is not an unreasonable application of clearly established federal law or an unreasonable application of the facts in light of the evidence presented. *Id.* § 2254(d). Because Robinson's plea waived his self-incrimination rights, counsel cannot be held ineffective for allegedly violating them. *Cf. Marshall v. Cabana*, 835 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) (holding counsel not deficient for failing to make meritless argument).

## Summary

Robinson is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Robinson was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

SIGNED May 25, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTION FOR SERVICE
AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE